UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TEAM DML, INC.,

                              Case No. 1:25-cv-09581

                    Plaintiff,

      - against -                   **NOTICE OF MOTION**

BEEHIIV INC., BRIAN SCHNEIDER, and
TYLER REID DENK,
                      Defendants.
----------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that upon the accompanying Memorandum of Law in support

of its motion to dismiss the Complaint, and upon all the papers and proceedings previously had

herein, Defendants BEEHIIV, INC., BRIAN SCHNEIDER, and TYLER REID DENK

("Defendants"), will move this Court before the Honorable Andrew L. Carter, Jr., United States

District Judge, at the United States District Court, Southern District of New York, located at 40

Foley Square, Room 435, New York, NY 10007, on March 30, 2026, for a judgment, pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint as to Defendants

for failure to state a claim upon which relief can be granted ("Motion"), entering judgment for

Defendants and granting Defendants such other and further relief as the Court deems just and

proper.

Dated: March 7, 2026
       New York, New York

                                 GORDON REES SCULLY
                                 MANSUKHANI, LLP

                                 */s/ Joseph Salvo*
                                 By: Joseph Salvo, Esq.
                                 *Attorneys for Defendants*
                                 One Battery Park Plaza, 28th Floor
                                 New York, New York 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TEAM DML, INC.,

                              Plaintiff,

                                         Case No. 1:25-cv-09581

        - against -

BEEHIIV INC., BRIAN SCHNEIDER, and
TYLER REID DENK,

                              Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Gordon Rees Scully Mansukhani, LLP**
One Battery Park Plaza, 28th Floor
New York, New York 10004
Phone: (212) 269-5500
Fax: (212) 269-5505
Joseph Salvo, Esq.
jsalvo@grsm.com

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS .............................................................................. 1

ARGUMENT ................................................................................................ 5

    I.      Motion to Dismiss Standard.................................................................. 5

    II.    Plaintiff's Breach of Contract Claim Against Beehiiv Fails Because Beehiiv's Terms of Use Authorized Beehiiv to Terminate Plaintiff's Account and Withhold Ad Earnings ....................................................................................... 5

          A.    New York law applies to Plaintiff's breach of contract claim.................. 6

          B.    Standard for enforcing internet-based agreements ..................................... 6

          C.    The Terms of Use is enforceable because Plaintiff had notice and manifested its assent to them ..................................................................... 7

          D.    Beehiiv did not breach the Terms of Use.................................................... 9

          E.    The limitation of liability provision in the Terms prevents Plaintiff.......10 from recovering damages

    III.    This Court Should Dismiss Plaintiff's Second Cause of Action for Fraud Against All Defendants Because Plaintiff Fails to Adequately Plead the Element of Reliance............................................................................................ 12

    IV.    This Court Should Dismiss Plaintiff's Third Cause of Action for Breach of Implied Duty of Good Faith and Fair Dealing Against Beehiiv Because It Arises From The Same Facts as Plaintiff's Breach of Contract Claim Claim and The Limitation of Liability Provision Bars Plaintiff's Contract Claim ...................... 14

    V.    Plaintiff's Unjust Enrichment Claim Should Be Dismissed Because It Is Duplicative of the Breach of Contract Claim and Plaintiff Fails To State a Claim Against The Individual Defendants .................................................................. 16

CONCLUSION............................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.J. Sheepskin Leather & Outerwear, Inc. v. USF Ins. Co.*,
  No. 03 CIV. 2382 (LAP), 2004 WL 503727 (S.D.N.Y. Mar. 12, 2004) ...............................15

*Advanced Oxygen Therapy Inc. v. Orthoserve Inc.*,
  572 F. Supp. 3d 26 (S.D.N.Y. 2021)......................................................................................17

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)........................................................5

*Aubrey v. New Sch.*,
  624 F. Supp. 3d 403 (S.D.N.Y. 2022)....................................................................................17

*Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Com.*,
  265 A.D.2d 513, 697 N.Y.S.2d 128 (2d Dep't 1999)............................................................15

*Ayres v. Teleios LS Holdings DE, LLC*,
  No. 23-CV-1464 (VSB), 2026 WL 450701 (S.D.N.Y. Feb. 17, 2026) ..............................6, 16

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
  995 F. Supp. 2d 291 (S.D.N.Y. 2014), *aff'd sub nom. SRM Glob. Master Fund*
  *Ltd. P'ship v. Bear Stearns Companies L.L.C.*, 829 F.3d 173 (2d Cir. 2016).........................13

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)........................................................5

*Cortes v. 21st Century Fox America, Inc.*,
  751 F. App'x 69 (2d Cir. 2018)...............................................................................................14

*Demand Electric, Inc. v. Innovative Technology Holdings, LLC*,
  665 F.Supp.3d 498 (S.D.N.Y. 2023).......................................................................................17

*In re DES Cases*,
  789 F. Supp. 552 (E.D.N.Y. 1992) ...........................................................................................6

*Edmundson v. Klarna, Inc.*,
  85 F.4th 695 (2d Cir. 2023) .......................................................................................................7

*Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*,
  822 F.3d 620 (2d Cir. 2016).......................................................................................................5

*First Horizon Bank v. Intercontinental Cap. Grp., Inc.*,
  No. 2:23-CV-9380 (NJC) (ARL), 2025 WL 1548787 (E.D.N.Y. May 30,
  2025).......................................................................................................................................16

*Fteja v. Facebook, Inc.*,
  841 F. Supp. 2d 829 (S.D.N.Y. 2012) ...............................................................................7, 9

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
  8 F. Supp. 3d 467 (S.D.N.Y. 2014) ........................................................................................17

*Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*,
  No. 14-CV-9839 JMF, 2015 WL 1809001 (S.D.N.Y. Apr. 20, 2015) ....................................15

*Hallingby v. Hallingby*,
  693 F. Supp. 2d 360 (S.D.N.Y. 2010), *aff'd*, 453 F. App'x 121 (2d Cir. 2012) ........................9

*Healthcare Fin. Grp., Inc. v. Bank Leumi USA*,
  669 F. Supp. 2d 344 (S.D.N.Y. 2009) ...................................................................................13

*Krock v. Lipsay*,
  97 F.3d 640 (2d Cir. 1996) ....................................................................................................12

*Lancaster v. Am. Textile Co., Inc.*,
  719 F. Supp. 3d 204 (N.D.N.Y. 2024) ...................................................................................13

*Markel Am. Ins. Co. v. Mr. Demolition, Inc.*,
  717 F. Supp. 3d 238 (E.D.N.Y. 2024) ......................................................................................5

*Mencher v. Weiss*,
  306 N.Y. 1, 114 N.E.2d 177 (1953) ..........................................................................................6

*Meyer v. Uber Techs., Inc.*,
  868 F.3d 66 (2d Cir. 2017) ...................................................................................................7, 9

*Olson v. Major League Baseball*,
  447 F. Supp. 3d 159 (S.D.N.Y. 2020), *aff'd*, 29 F.4th 59 (2d Cir. 2022) ..............................13

*Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*,
  830 F.3d 152 (2d Cir. 2016) ..................................................................................................10

*Orlander v. Staples, Inc.*,
  802 F.3d 289 (2d Cir. 2015) ..................................................................................................10

*Simms v. Seaman*,
  308 Conn. 523, 69 A.3d 880 (2013) .......................................................................................13

*SING for Serv., LLC v. DOWC Admin. Servs., LLC*,
  No. 1:20-CV-5617-GHW, 2022 WL 36478 (S.D.N.Y. Jan. 3, 2022) ....................................14

*Small v. Fritz Companies, Inc.*,
  30 Cal. 4th 167, 65 P.3d 1255 (2003) ....................................................................................13

*Spirit Locker, Inc. v. EVO Direct, LLC,*
    696 F. Supp. 2d 296 (E.D.N.Y. 2010) .................................................................16

*Starke v. SquareTrade, Inc.,*
    913 F.3d 279 (2d Cir. 2019)...............................................................................6

*Stonehill Cap. Mgmt., LLC v. Bank of the W.,*
    28 N.Y.3d 439, 68 N.E.3d 683 (2016)..............................................................6

*Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.,*
    842 So. 2d 204 (Fla. Dist. Ct. App. 2003) .......................................................13

*Wu v. Uber Techs., Inc.,*
    43 N.Y.3d 288, 260 N.E.3d 1060 (2024).........................................................6

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................2, 12, 13

Fed. R. Civ. P. 12(b)(6)........................................................................................2, 5, 10

## PRELIMINARY STATEMENT

This case arises from Plaintiff's use of Defendant Beehiiv, Inc.'s ("Beehiiv") platform. Beehiiv provides tools that allow publishers to create newsletters, manage subscriber lists, and generate revenue through advertisements placed in those newsletters via Beehiiv's Ad Network. Plaintiff registered for and used Beehiiv's platform beginning in January 2025 and, in doing so, agreed to Beehiiv's Terms and Conditions (the "Terms"). Those Terms govern access to the platform and participation in the Ad Network and expressly authorize Beehiiv, in its sole discretion, to suspend or terminate user accounts for any reason and withhold Ad Network earnings.

After several months on the platform, Beehiiv notified Plaintiff that its internal systems had detected suspicious activity associated with Plaintiff's newsletters, including a high number of click activity on the advertisements in Plaintiff's newsletter from e-mail addresses associated with Plaintiff's organization. Beehiiv subsequently suspended Plaintiff's participation in the Ad Network and terminated Plaintiff's access to the platform. Plaintiff now challenges those actions and asserts claims for breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

The Complaint fails to state a claim as a matter of law for several reasons. Plaintiff's breach of contract claim fails because the conduct Plaintiff challenges – reducing ad opportunities, adjusting ad payouts, and terminating Plaintiff's account from Beehiiv's platform – is expressly authorized by the Terms that Plaintiff admits it accepted. Further, Plaintiff's breach of contract claim is barred because Plaintiff cannot recover damages, as the Terms include a limitation of liability provision stating that Beehiiv and its employees are not liable for damages of any kind arising out of a user's use of Beehiiv's platform. Plaintiff's fraud claim likewise fails because the Complaint does not plausibly allege that Plaintiff relied on any purported misrepresentations, as

1

required under New York law and Federal Rule of Civil Procedure ("FRCP") § 9(b). Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must also be dismissed because it is based on the same allegations as the breach of contract claim and seeks the same relief. Finally, Plaintiff's unjust enrichment claim is duplicative of the breach of contract claim and barred because the parties' relationship is governed by a valid contract.

Because the Complaint challenges conduct expressly permitted by the governing Terms and otherwise fails to plead the required elements of Plaintiff's claims, the Court should dismiss the Complaint in its entirety pursuant to FRCP § 12(b)(6).

## **STATEMENT OF FACTS**

Beehiiv operates an online platform that enables businesses to create and distribute email newsletters to their subscribers. *See* Plaintiff's Complaint ("Compl.") ¶ 8. It provides tools to manage subscriber lists, track engagement, and grow an audience. *See* Declaration of Daniel Bae ("Bae Decl."). The platform also helps businesses monetize their newsletters by allowing them to earn revenue from advertisements placed in their emails through Beehiiv's Ad Network. *See* Dec. A. Beehiiv pays businesses using its platform a certain amount every time a subscriber of the business's newsletter clicks on an advertisement. *See* Compl. ¶ 18.

In January 2025, Plaintiff registered an account with Beehiiv to launch three newsletters using Beehiiv's platform. *See* Compl. ¶ 9. In order to access and use the platform, Plaintiff was required to create an account on Defendant's website, www.beehiiv.com (the "Website"). *See* Bae Decl.; Exhibit A ("Ex. A"). During the registration process, Plaintiff was presented with a notice stating, "By signing up you consent to our Terms and Conditions and Privacy Policy." *See* Ex. A. This notice is right below the "Get Started" button Plaintiff was required to click on to register its account. *See* Ex. A. The phrase "Terms and Conditions" appears in a dark gray, bold font against

the white page and is hyperlinked to a webpage that displays the full Terms and Conditions. *See* Ex. A. A user does not need to scroll down the page to see the link to the Terms and Conditions. *See* Bae Decl.; Ex. A. Plaintiff admits that, when it registered its account on Beehiiv's platform, it agreed to the Terms and entered into a binding agreement with Beehiiv. *See* Compl. ¶ 34. The Terms governed Plaintiff's access to Beehiiv's platform and participation in Defendant's Ad Network. *See* Bae Decl.; Exhibit B ("Ex. B"). The Terms include a broad choice of law provision, requiring all matters concerning Beehiiv, including non-contractual matters, to be evaluated under New York law. *See* Ex. B.

Over the following months, Plaintiff operated its newsletter accounts on the platform and received advertising opportunities through Beehiiv's Ad Network. *See* Compl. ¶¶ 34–43, 58. Plaintiff alleges that in July 2025, Defendant Brian Schneider ("Schneider"), the Senior Revenue Lead at Beehiiv, contacted Dennis Lynch, Plaintiff's President, via e-mail and advised that Beehiiv's internal systems detected suspicious activity associated with Plaintiff's accounts. *See id.* ¶ 61. According to the Complaint, Schneider informed Lynch that Beehiiv's internal systems detected an abnormally high ad earnings rate associated with Plaintiff's newsletters, which was likely driven by duplicate subscriber activity across multiple publications and language in Plaintiff's newsletters encouraging users to click on ads, which was previously flagged to Plaintiff to be a violation of Beehiiv's policies. *See id.* Further, Schneider relayed that Beehiiv had evidence that a substantial percentage of the clicks generated through Plaintiff's newsletters were email addresses associated with Plaintiff's organization. *See id.*

In response, Lynch denied these allegations and copied Tyler Denk ("Denk"), Beehiiv's Chief Executive Officer. *See id.* ¶ 62. Denk responded and supported Schneider's position, advising Lynch that Beehiiv's internal systems estimated that approximately 40–50% of the clicks

generated through Plaintiff's newsletters in June were likely fraudulent. *See id.* ¶ 63. Denk further

stated that Beehiiv had identified more than thirty-five email addresses associated with Plaintiff's

organization that appeared to click on every advertisement contained in Plaintiff's newsletters. *See*

*id.*

     Plaintiff alleges that, following these communications, Beehiiv withheld a portion of

Plaintiff's advertising revenue, suspended Plaintiff's participation in the Ad Network, and

ultimately terminated Plaintiff's access to the platform. *See id*. ¶¶ 68–75. Plaintiff contends that

these actions lacked a contractual basis and that Schneider's and Denk's statements regarding

Plaintiff's use of the platform were false. *See id*. ¶¶ 84–85.

     The Terms expressly provide that Beehiiv may terminate or suspend a user's access to the

platform, in whole or in part, for any reason or no reason, and withhold Ad Network earnings. *See*

Ex. B. Further, the Terms include the following limitation of liability provision:

> TO THE FULLEST EXTENT PROVIDED BY LAW, IN NO
> EVENT WILL WE, OUR AFFILIATES, OR OUR OR THEIR
> LICENSORS, SERVICE PROVIDERS, EMPLOYEES, AGENTS,
> OFFICERS, OR DIRECTORS BE LIABLE FOR DAMAGES OF
> ANY KIND, UNDER ANY LEGAL THEORY, ARISING OUT OF
> OR IN CONNECTION WITH YOUR USE, OR INABILITY TO
> USE, BEEHIIV, ANY WEBSITES LINKED TO IT, OR ANY
> CONTENT ON BEEHIIV, INCLUDING ANY DIRECT,
> INDIRECT, SPECIAL, INCIDENTAL, CONSEQUENTIAL, OR
> PUNITIVE DAMAGES, INCLUDING BUT NOT LIMITED TO,
> PERSONAL INJURY, PAIN AND SUFFERING, EMOTIONAL
> DISTRESS, LOSS OF REVENUE, LOSS OF PROFITS, LOSS OF
> BUSINESS OR ANTICIPATED SAVINGS, LOSS OF USE, LOSS
> OF GOODWILL, LOSS OF DATA, AND WHETHER CAUSED
> BY TORT (INCLUDING NEGLIGENCE), BREACH OF
> CONTRACT, OR OTHERWISE, EVEN IF FORESEEABLE.
>
> The limitation of liability set out above does not apply to liability
> resulting from our gross negligence or willful misconduct.
>
> THE FOREGOING DOES NOT AFFECT ANY LIABILITY
> THAT CANNOT BE EXCLUDED OR LIMITED UNDER

APPLICABLE LAW.

Ex. B.

**ARGUMENT**

**I.    Motion to Dismiss Standard**

A FRCP § 12(b)(6) motion to dismiss "tests the legal sufficiency of [p]laintiff'[s] claims for relief." *Markel Am. Ins. Co. v. Mr. Demolition, Inc.*, 717 F. Supp. 3d 238, 243 (E.D.N.Y. 2024). A complaint must be dismissed pursuant to FRCP § 12(b)(6) where the plaintiff fails to allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 1960, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007).

**II.    Plaintiff's Breach of Contract Claim Against Beehiiv Fails Because Beehiiv's Terms of Use Authorized Beehiiv to Terminate Plaintiff's Account and Withhold Ad Earnings**

Plaintiff asserts a claim for breach of contract against Beehiiv based on Beehiiv's alleged conduct in reducing the number of advertisements embedded in Plaintiff's newsletters, reducing the amount Plaintiff earned per click, and ultimately terminating Plaintiff's account from Beehiiv's platform. That claim fails as a matter of law. The Terms governing Plaintiff's account – which Plaintiff admits it agreed to – expressly authorize Beehiiv, in its sole discretion, to take actions it deems necessary with respect to the platform, including withholding Ad Network earnings and suspending or terminating user accounts for any reason whatsoever. Because Beehiiv acted within its contractual rights, Plaintiff cannot plausibly state a claim for breach of contract. Further, Plaintiff cannot state a claim for relief because the limitation of liability provision in the Terms

5

prohibits the recovery of damages Plaintiff seeks.

### A. *New York law applies to Plaintiff's breach of contract claim*

"*Erie Railroad Co. v. Tompkins* requires a New York federal court sitting in diversity to apply New York choice-of-law rules." *In re DES Cases*, 789 F. Supp. 552, 566 (E.D.N.Y. 1992) (citations omitted). "'Generally, [New York] courts will enforce a choice-of-law clause so long as the chosen law bears a reasonable relationship to the parties or the transaction.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 822 F.3d 620, 641 (2d Cir. 2016) (citations omitted). Defendant's headquarters is in New York, which satisfies the "reasonable relationship" test. *See* Bae Decl.; *Ayres v. Teleios LS Holdings DE, LLC*, No. 23-CV-1464 (VSB), 2026 WL 450701, at *6 (S.D.N.Y. Feb. 17, 2026) (determining that New York state law applies to plaintiff's breach of contract claim where the defendant's principal place of business was in New York). Accordingly, this Court must analyze Plaintiff's breach of contract claim under New York law.

### B. *Standard for enforcing internet-based agreements*

Under New York law, to form a valid contract, "there must be a 'meeting of the minds' such that there is a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms.'" *Stonehill Cap. Mgmt., LLC v. Bank of the W.*, 28 N.Y.3d 439, 448, 68 N.E.3d 683, 689 (2016). In determining whether two parties had the necessary intention to enter a contract, an objective test is applied. *See Mencher v. Weiss*, 306 N.Y. 1, 7, 114 N.E.2d 177, 181 (1953). Because contract formation is governed by an objective standard, "there is no requirement that a party have correctly understood – or even reviewed – the terms presented by the offeror for their manifestation of acceptance to be effective. Instead, courts ask whether the offeree was put on inquiry notice of the contractual terms." *Wu v. Uber Techs., Inc.*, 43 N.Y.3d 288, 299, 260 N.E.3d 1060, 1070 (2024). An offeree is placed on inquiry notice if the terms of the contract are presented to the party in a clear and conspicuous manner. *See Starke v. SquareTrade*,

*Inc.*, 913 F.3d 279, 289 (2d Cir. 2019).

These principles apply equally to contracts formed over the internet. *See Wu*, 43 N.Y. 3d at 302. Even where there is no evidence that a user of a website had actual knowledge of the terms and conditions of the website, the user will still be bound by its terms if "(1) a 'reasonably prudent' person would be on inquiry notice' of the terms, and (2) the user unambiguously manifests assent 'through…conduct that a reasonable person would understand to constitute assent.'" *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 703 (2d Cir. 2023).

Courts evaluating internet-based contracts distinguish them by the manner in which a user manifests assent – "namely, ''clickwrap' (or "click-through") agreements, which require users to click an 'I agree' box after being presented with a list of terms and conditions of use, or 'browsewrap' agreements, which generally post terms and conditions on a website via a hyperlink at the bottom of the screen." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 75 (2d Cir. 2017). Clickwrap agreements are routinely enforceable "for the principal reason that the user has affirmatively assented to the terms of the agreement by clicking 'I agree.'" *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 75 (2d Cir. 2017). Browsewrap agreements, which do not require express assent, are valid only if the user had actual or constructive knowledge of the terms and conditions. *See id.* Many online agreements do not fall neatly into either category but are nonetheless enforceable where the defendant provides sufficient notice and plaintiff manifested his assent.

*Fteja v. Facebook, Inc.*, provides an example of an online agreement that shared characteristics of both clickwrap and browsewrap agreements, similar to the one at hand. *See* 841 F. Supp. 2d 829, 836-840 (S.D.N.Y. 2012). In *Fteja*, this Court evaluated whether a forum selection clause requiring litigation in California was reasonably communicated to the plaintiff and enforceable. *See id.* The defendant established that a user registering for Facebook was required to enter

7

personal information and then click a "Sign Up" button to create an account. *See id.* Immediately below the button appeared a notice stating: "By clicking Sign Up, you are indicating that you have read and agree to the Terms of Service," with the phrase "Terms of Service" presented as a hyperlink to the full agreement. *See id.* Although the terms themselves were not displayed on the Sign Up webpage, this Court held that the interface functioned similarly to a clickwrap agreement because the user was required to take an affirmative step – clicking the "Sign Up" button. *See id.* This Court concluded that this design placed a reasonably prudent user on inquiry notice of the terms and that clicking the button constituted manifestation of assent, rendering the agreement enforceable even if the plaintiff did not actually read the terms. *Id.*

The Second Circuit in *Meyer v. Uber Technologies, Inc.* evaluated whether the plaintiff assented to a similar agreement with Uber when plaintiff registered for an account. See 868 F.3d 66, 77-80 (2d Cir. 2017). With respect to notice, the Court concluded that the design and language of the registration screen rendered notice of the Terms of Service reasonable as a matter of law. *See id.* The screen informed users that "By creating an Uber account, you agree to the TERMS OF SERVICE & PRIVACY POLICY," with the terms presented as blue, underlined hyperlinks located directly below the button used to register. See id. at 77-79. The entire screen was visible without the need to scroll, and the notice appeared in dark print that contrasted with the light background of the screen. *See id.* The Court further held that the fact that the full Terms of Service were accessible only through a hyperlink did not undermine the adequacy of the notice. *See id.* Further, because the notice informed users that the action they were about to take would bind them to the Terms of Service, the Court held that the user's act of creating an account constituted unambiguous assent to those terms as a matter of law. *See id.*

C. *The Terms of Use is enforceable because Plaintiff had notice and manifested its assent to them*

Like the agreements in *Fteja* and *Meyer*, the Terms are enforceable because Plaintiff had both actual and constructive notice of the terms and manifested assent to them. As an initial matter, Plaintiff admits that by signing up for Beehiiv's platform, Plaintiff agreed to the Terms and thereby entered into a binding contract with Beehiiv. *See* Compl. ¶ 34. Accordingly, Plaintiff had actual notice of the Terms, including the termination provision.

Even assuming *arguendo* that Plaintiff did not have actual notice, Plaintiff was at minimum on inquiry notice of the Terms. As in *Fteja* and *Meyer,* the registration page clearly informed Plaintiff that by continuing with the registration process, Plaintiff agreed to the Terms. *See* Ex. A. By registering with Beehiiv's platform, which Plaintiff was required to do in order to distribute its newsletters, Plaintiff was warned that by signing up, Plaintiff consented to Beehiiv's Terms. *See* Ex. A. The phrase "Terms and Conditions" is conspicuous, appearing in bold, gray font against a white background and was hyperlinked to a webpage displaying the full Terms. *See* Ex. A. Further, Plaintiff was not required to scroll down the webpage to see the notice regarding Beehiiv's Terms.

Moreover, Plaintiff manifested assent to those terms because the registration process required Plaintiff to take an affirmative step – clicking the "Get Started" button – before an account could be created. *See* Ex. A. Courts find such mechanisms sufficient to establish assent. *See, for e.g., Fteja*, 841 F. Supp. 2d at 840-841. Accordingly, because Plaintiff had notice of the Terms and manifested assent to them, Plaintiff is bound by the Terms, including the termination provision.

D. *Beehiiv did not breach the Terms of Use*

To state a claim for breach of contract under New York law, a plaintiff must allege the existence of a contract, the defendant's breach of the contract, and resulting damages. *See Hallingby v. Hallingby*, 693 F. Supp. 2d 360, 368 (S.D.N.Y. 2010), aff'd, 453 F. App'x 121 (2d

Cir. 2012). A Court may dismiss a breach of contract claim pursuant to FRCP § 12(b)(6) if the contract is unambiguous. *See Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016). In assessing whether language in a contract is ambiguous, the Court "should be constrained by normal rules of contract interpretation: 'words and phrases ... should be given their plain meaning' and a 'contract should be construed so as to give full meaning and effect to all of its provisions.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 295 (2d Cir. 2015) (citations omitted). "'Whether or not a writing is ambiguous is a question of law to be resolved by the courts.'" *Id.* (citations omitted).

Plaintiff's breach of contract claim fails because the very conduct alleged to constitute the breach was expressly authorized by the Terms. In support of Plaintiff's breach of contract claim, Plaintiff alleges the Terms were a binding agreement between the parties, Plaintiff complied with the Terms, and Beehiiv breached the Terms by reducing the number of ads available for Plaintiff, reducing the amount paid "per click" to Plaintiff, and removing Plaintiff from Beehiiv's platform, resulting in damages to Plaintiff. *See* Compl. ¶ 78-81. The termination provision in the Terms unambiguously provides that Beehiiv had the right, in its sole discretion, to terminate or suspend a user's access to all or part of Beehiiv's platform for *any or no reason* and to withhold Ad Network earnings with respect to any customer. *See* Ex. B.

Accordingly, even accepting Plaintiff's allegations as true, the conduct alleged falls squarely within the rights expressly reserved to Beehiiv under the Terms. Because such conduct is contractually authorized, it cannot constitute a breach as a matter of law. Plaintiff's breach of contract claim against Beehiiv should therefore be dismissed for failure to state a claim.

E.  *The limitation of liability provision in the Terms prevents Plaintiff from recovering damages*

Moreover, this Court should dismiss Plaintiff's breach of contract claim because the Terms

include a limitation of liability provision providing that Beehiiv or its employees shall not be liable for damages of any kind arising out of a consumer's use of Beehiiv's platform, including claims for breach of contract. *See* Ex. B. Contractual limitations of liability are enforceable. *See Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 469 (S.D.N.Y. 2016), aff'd, 759 F. App'x 42 (2d Cir. 2019). "The New York Court of Appeals has held that '[a] limitation on liability provision in a contract represents the parties' Agreement on the allocation of the risk of economic loss in the event that the contemplated transaction is not fully executed, which the courts should honor.'" *Deutsche Lufthansa AG v. Boeing Co.*, No. 06 CV 7667 (LBS), 2007 WL 403301, at *2 (S.D.N.Y. Feb. 2, 2007) (citations omitted).

Courts routinely dismiss breach of contract claims where the contract agreed by the plaintiff included a limitation of liability provision that precluded the recovery of damages plaintiff sought. *See, for e.g., Am. Tel. & Tel. Co. v. New York City Hum. Res. Admin.*, 833 F. Supp. 962, 990 (S.D.N.Y. 1993), *as corrected* (Sept. 20, 1993) (dismissing plaintiff's breach of contract claim seeking consequential damages because the contract with defendant included a limitation of liability prohibiting the recovery of consequential damages for breach of contract). *"*To state a valid claim for breach, Plaintiffs must allege valid damages.*" Negrete,* 187 F. Supp. at 469*.* For example, in *Roberts v. Weight Watchers International, Inc.*, the plaintiff, a subscriber to the defendant's weight-management service, alleged that the defendant breached the subscription agreement after technical glitches with the defendant's website and mobile app resulted in lost stored data and impaired use of the defendant's website and mobile app. *See* 217 F. Supp. 3d 742, 748-749 (S.D.N.Y. 2016), *aff'd*, 712 F. App'x 57 (2d Cir. 2017). The plaintiff sought compensatory damages to recover subscription fees and consequential damages for the lost data. *See id.* This Court dismissed the claim because the subscription agreement between the plaintiff and the

defendant contained limitations of liability provisions providing that a subscriber's sole remedy for dissatisfaction with the defendant's service was cancellation or termination of the subscription. *See id.* at 755. Because those provisions barred recovery of the monetary damages the plaintiff sought, this Court held that the breach of contract claim could not proceed. *See id.*

Here, Plaintiff seeks $630,000 in damages for an alleged breach of contract arising from Plaintiff's use of Beehiiv's platform. However, the Terms Plaintiff agreed to provide that Beehiiv is not liable for any damages arising out of or in connection with a consumer's use of the platform under any legal theory, including claims for breach of contract. Because the Terms bar the damages Plaintiff seeks, Plaintiff cannot plead the damages element of a breach of contract claim, and Plaintiff's claim fails as a matter of law.

### III. This Court Should Dismiss Plaintiff's Second Cause of Action for Fraud Against All Defendants Because Plaintiff Fails to Adequately Plead the Element of Reliance

Plaintiff's fraud claim against Defendants should be dismissed because the Complaint fails to plead the essential element of reliance with particularity as required by FRCP § 9(b). New York law governs this claim under the Terms of Use's broad choice-of-law provision, which applies to all matters relating to Beehiiv, and any dispute or claim arising therefrom or related thereto, including non-contractual disputes or claims. *See* Ex. B. That language plainly encompasses tort claims, including fraud. *See Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) (determining that, for a choice-of-law provision to apply to claims for tort arising incident to the contract, "the express language of the provision must be 'sufficiently broad' as to encompass the entire relationship between the contracting parties."). In any event, even if there was a question as to whether the choice-of-law provision is sufficiently broad to encompass Plaintiff's fraud claim, the Court should nevertheless apply New York law because there is no material conflict between the fraud laws of the potentially relevant jurisdictions, which include California, Florida, and Connecticut. *See*

Compl. ¶¶ 2-5; *Simms v. Seaman*, 308 Conn. 523, 548, 69 A.3d 880, 894 (2013); *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc*., 842 So. 2d 204, 209 (Fla. Dist. Ct. App. 2003); *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173, 65 P.3d 1255, 1258 (2003).

Under New York law, a plaintiff asserting a claim for common law fraud must establish five essential elements: "(1) a material misrepresentation or omission of fact; (2) made with knowledge of its falsity; (3) with scienter or an intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) such reliance caused damage to the plaintiff." *Healthcare Fin. Grp., Inc. v. Bank Leumi USA*, 669 F. Supp. 2d 344, 348 (S.D.N.Y. 2009). In addition, a common law claim for fraud is subject to the particularity requirements of FRCP § 9(b), which requires that the complaint "state with particularity the circumstances constituting fraud." *Lancaster v. Am. Textile Co., Inc.*, 719 F. Supp. 3d 204, 224 (N.D.N.Y. 2024); *see also Healthcare Fin. Grp., Inc. v. Bank Leumi USA*, 669 F. Supp. 2d 344, 348 (S.D.N.Y. 2009). Accordingly, to plead a claim for fraud, "a plaintiff must allege with particularity that it actually relied on the supposed misstatements." *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 312 (S.D.N.Y. 2014), *aff'd sub nom. SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Companies L.L.C.*, 829 F.3d 173 (2d Cir. 2016). "Courts in this district have consistently held that reliance does not simply involve a state of mind; it involves a specific action or inaction and therefore must be pleaded with particularity." *Id.* (citations omitted).

Courts within the Second Circuit have consistently dismissed common law claims for fraud where the plaintiff failed to plead the reliance element with particularity. *See, for e.g., Olson v. Major League Baseball*, 447 F. Supp. 3d 159, 167 (S.D.N.Y. 2020), *aff'd*, 29 F.4th 59 (2d Cir. 2022) (dismissing plaintiff's fraud claim because the complaint does not allege that plaintiffs "saw, read, or otherwise noticed" any of the few actionable misrepresentations, and thus, fails to allege

13

reliance); *see also Cortes v. 21ˢᵗ Century Fox America, Inc.*, 751 F. App'x 69, 71-73 (2d Cir. 2018) (affirming dismissal of fraud claim for lack of reliance where the alleged misrepresentation regarding a non-disparagement obligation could not have induced plaintiff to enter into a settlement agreement because plaintiff was already bound by a similar non-disparagement provision in a prior agreement)

In support of Plaintiff's fraud claim, Plaintiff alleges that Denk and Schneider falsely represented to Plaintiff that Plaintiff's e-mail lists were inauthentic and that the clicks on the advertisements embedded in Plaintiff's newsletters were fraudulent. *See* Compl. ¶ 84. While Defendants expressly deny that such statements were false, the Complaint nowhere alleges how Plaintiff reasonably relied on such statements or took or refrained from taking any action in reliance upon them. Because reliance is an essential element of fraud under New York law, Plaintiff's failure to plead reliance with particularity requires dismissal of Plaintiff's second cause of action. Accordingly, this Court should dismiss Plaintiff's second cause of action against all Defendants.

### IV.    This Court Should Dismiss Plaintiff's Third Cause of Action for Breach of Implied Duty of Good Faith and Fair Dealing Against Beehiiv Because It Arises From The Same Facts as Plaintiff's Breach of Contract Claim and The Limitation of Liability Provision Bars Plaintiff's Contract Claim

This Court should dismiss Plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing against Beehiiv because it arises from the same facts as Plaintiff's breach of contract claim. Like Plaintiff's breach of contract and fraud claims, Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing must be analyzed under New York law. "Choice-of-law provisions that govern a contract also govern related claims for breach of the implied covenant of good faith and fair dealing." *SING for Serv., LLC v. DOWC Admin. Servs., LLC*, No. 1:20-CV-5617-GHW, 2022 WL 36478, at *19 (S.D.N.Y. Jan. 3, 2022).

Because the Terms expressly provide that they are governed by New York law, New York law likewise governs Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. *See* Ex. B.

Under New York law, "for a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or withhold its benefits from the plaintiff." *Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Com*., 265 A.D.2d 513, 514, 697 N.Y.S.2d 128, 130 (2d Dep't 1999). A claim for breach of the implied covenant of good faith and fair dealing can only survive a motion to dismiss if "it is based on allegations different than those underlying the accompanying breach of contract claim and the relief sought is not intrinsically tied to the damages allegedly resulting from the breach of contract.'" *Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*, No. 14-CV-9839 JMF, 2015 WL 1809001, at *4 (S.D.N.Y. Apr. 20, 2015) (citations omitted); *see also A.J. Sheepskin Leather & Outerwear, Inc. v. USF Ins. Co.*, No. 03 CIV. 2382 (LAP), 2004 WL 503727, at *2 (S.D.N.Y. Mar. 12, 2004) ("New York law 'does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.'").

This Court should dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing because it is based on the exact same allegations that give rise to Plaintiff's breach of contract claim. In support of Plaintiff's breach of contract claim, Plaintiff alleges that Beehiiv breached the Terms by reducing the number of ads allocated to Plaintiff, reducing the amount paid per click, and removing Plaintiff from Beehiiv's platform. *See* Compl. ¶ 80. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is based on identical allegations – that Beehiiv reduced the number of ads allocated to Plaintiff, reduced the amount paid per click,

and removed Plaintiff from Beehiiv's platform. *See id.* at ¶ 92. Further, Plaintiff seeks the exact same damages in the amount of $630,000 for both claims. Accordingly, this Court should dismiss Plaintiff's third cause of action against Beehiiv.

In addition, for the same reasons this Court should dismiss Plaintiff's breach of contract claim – namely, that the limitation of liability bars Plaintiff's recovery of damages – the Court should likewise dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. The limitation of liability provision to which Plaintiff agreed expressly prohibits the recovery of damages of any kind under any legal theory. *See* Ex. B. Further, a limitation of liability "'prohibit[ing] a recovery for breach of contract.... necessarily encompasses breaches of the covenant of good faith implied within [the] contract[.]'" *Rose Leaf Cleaning, Inc. v. Sonder Hosp. USA, Inc.*, No. 22 CIV. 7462 (JHR), 2024 WL 3937600, at *10 (S.D.N.Y. Aug. 26, 2024). Accordingly, for these reasons, as well as those set forth above, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing cannot stand.

## V.    Plaintiff's Unjust Enrichment Claim Should Be Dismissed Because It Is Duplicative of the Breach of Contract Claim and Plaintiff Fails To State a Claim Against The Individual Defendants

This Court should likewise dismiss Plaintiff's fourth cause of action against Beehiiv for unjust enrichment because it is duplicative of Plaintiff's breach of contract claim. As with Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff's unjust enrichment claim is governed by the choice-of-law provision in the Terms of Use. *Ayres*, 2026 WL 450701, at 6 ("Choice of law clauses applies to claims that sound in both contract and quasi-contract."); *Spirit Locker, Inc. v. EVO Direct, LLC*, 696 F. Supp. 2d 296, 304 (E.D.N.Y. 2010) (applying New York law to plaintiff's unjust enrichment claim because the choice of law clause in the parties' agreement mandates the application of New York law*); First Horizon Bank v. Intercontinental Cap. Grp., Inc.*, No. 2:23-CV-9380 (NJC) (ARL), 2025 WL 1548787, at

*4 (E.D.N.Y. May 30, 2025) (evaluating plaintiff's unjust enrichment claim under Tennessee law because the parties' agreement provided for the application of Tennessee law). Accordingly, this Court must apply New York law to evaluate Plaintiff's unjust enrichment claim.

Under New York law, unjust enrichment is "'not available where it simply duplicates, or replaces, a conventional contract or tort claim.'" *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 483 (S.D.N.Y. 2014). Where the parties have a valid and enforceable agreement that governs a particular subject matter, "'recovery on a theory of unjust enrichment for events arising out of that same subject matter' is typically precluded." *Demand Electric, Inc. v. Innovative Technology Holdings, LLC*, 665 F.Supp.3d 498 (S.D.N.Y. 2023). While a plaintiff may plead unjust enrichment as an alternative theory of liability to breach of contract when it arises from the same facts as a breach of contract claim, such pleading is permitted only where the existence or enforceability of the underlying contract is in dispute. *See Advanced Oxygen Therapy Inc. v. Orthoserve Inc.*, 572 F. Supp. 3d 26, 35 (S.D.N.Y. 2021). This Court has routinely dismissed claims of unjust enrichment claims where the dispute arises from the same subject matter governed by an existing contract. *See, for e.g., Demand Elec., Inc. v. Innovative Tech. Holdings, LLC*, 665 F. Supp. 3d 498, 508 (S.D.N.Y. 2023); *Aubrey v. New Sch.*, 624 F. Supp. 3d 403, 424 (S.D.N.Y. 2022).

There is no dispute that Plaintiff's and Beehiiv's relationship was governed by the Terms. Further, Plaintiff's unjust enrichment claim arises from the same alleged facts as the breach of contract claim – namely, that Defendants failed to pay Plaintiff the amount earned through the advertisements embedded on its newsletters. *See* Compl. ¶¶ 96-98. Indeed, in Plaintiff's breach of contract claim, Plaintiff alleges Beehiiv breached the Terms of Use by reducing the amount Plaintiff earned per click from the advertisements embedded on its newsletters. *See id*. at ¶ 80.

17

Plaintiff seeks the same damages under both claims. *See id*. at ¶¶ 82, 100. Because Plaintiff's unjust enrichment claim is based on the same operative facts and seeks the same relief as the breach of contract claim, the unjust enrichment claim should be dismissed.

Moreover, to the extent the Complaint alleges a claim for unjust enrichment against Denk and Schneider, that fails as well. Plaintiff's relationship was with Beehiiv, not Denk and Schneider, and there are no allegations in the Complaint that these individuals stood to gain personally from that relationship or that Denk and Schneider acted in any manner other than their corporate capacity and employment. *See Ishin v. QRT Mgmt., LLC*, 133 A.D.3d 449, 450, 20 N.Y.S.3d 17, 18 (1st Dep't 2015) (holding that the plaintiff's unjust enrichment claim fails to state a cause of action against the individual defendant "in the absence of allegations establishing either that Bartner stood to gain personally from the services plaintiff rendered or that he acted in other than his corporate capacity").

Finally, the recovery Plaintiff seeks through its unjust enrichment claim against Defendants is likewise barred by the Term's limitation of liability provision, which prohibits damages against Beehiiv and its employees under any legal theory. *See* Ex. B.  In Plaintiff's unjust enrichment claim, Plaintiff seeks to recover the ad earnings Plaintiff allegedly earned through the distribution of its newsletters which Beehiiv purportedly failed to pay. *See id*. at ¶ 97. The recovery Plaintiff is seeking is damages as opposed to restitution[1] and is the exact same damages Plaintiff claims it was entitled to receive in the breach of contract claim, likewise prohibited by the limitation of liability. *See id*. at ¶ 81.

For these reasons, as well as those set forth above, Plaintiff's unjust enrichment claim cannot stand.

---

[1] Restitution is the recovery for unjust enrichment, not damages. *See State of N.Y. v. SCA Servs., Inc.*, 761 F. Supp. 14, 15 (S.D.N.Y. 1991)

## <u>CONCLUSION</u>

For the reasons herein, this Court should grant Defendants' motion to dismiss.[2]

Dated: New York, New York
      March 6, 2026

                                      GORDON REES SCULLY
                                      MANSUKHANI, LLP

                                      */s/ Joseph Salvo*
                                      By: Joseph Salvo, Esq.
                                      *Attorneys for Defendants*
                                      One Battery Park Plaza, 28th Floor
                                      New York, New York 10004

---

[2] Only the fraud and unjust enrichment claims are against all Defendants, while the breach of contract and breach of the implied covenant of good faith and fair dealing are against Beehiiv only. While Defendants respectfully submit that Plaintiff's Complaint should be dismissed in its entirety, should the Court only dismiss the claims asserted against Schneider and Denk, Defendant requests that the Court issue an order dismissing the individual defendants from this action.

## **WORD COUNT CERTIFICATION**

Pursuant to Local Rule 7.1(c), I hereby certify that this memorandum of law in support of Defendant's motion to dismiss complies with the applicable word count limitation.

According to the word processing system used to prepare this memorandum, the total number of words contained in this memorandum of law, excluding the caption, table of contents, table of authorities, and signature block, is 6,149 words.

Dated: March 7, 2026
      New York, New York

GORDON REES SCULLY
MANSUKHANI, LLP

*/s/ Joseph Salvo*
By: Joseph Salvo, Esq.
*Attorneys for Defendants*
One Battery Park Plaza, 28th Floor
New York, New York 10004